UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL
PENSION FUND, NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE FOR
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, INTERNATIONAL
TRAINING INSTITUTE FOR SHEET METAL
AND AIR CONDITIONING INDUSTRY, and
NATIONAL STABILIZATION AGREEMENT OF
THE SHEET METAL INDUSTRY FUND,

                              Plaintiffs,

        -against-

COVEREX CORPORATE RISK SOLUTIONS, LLC,
and MATTHEW AMODEO, as an individual,

                              Defendants.
----------------------------------------------------------X

09-CV-0121 (TCP)

**MEMORANDUM AND ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 26 2014 ★

LONG ISLAND OFFICE

PLATT, District Judge.

     Before the Court is defendant Matthew Amodeo's ("defendant" or "Amodeo") motion, pursuant to Federal Rule of Civil Procedure ("FRCP") 60, to vacate this Court's Memorandum and Order dated April 22, 2013 ("Order"), which held that defendant was a fiduciary within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21)(A)(i). For the following reasons, defendant's motion is **DENIED**.

**I.    Background**

     Plaintiffs are multi-employer employee benefits funds who brought this action under ERISA, 29 U.S.C. § 1132 to collect delinquent fringe benefit contributions, interest, liquidated

damages and late fees.[1] Plaintiffs moved for partial summary judgment on their claims against Amodeo in his individual capacity. Although Amodeo was not a signatory to the benefits funds contracts, this Court held that Amodeo was a fiduciary under ERISA and granted judgment to plaintiffs on their claims for breach of fiduciary duty and wrongful conversion of the benefits' funds.

Defendant moves to vacate the Order, pursuant to FRCP 60(b)(2), on the ground that newly discovered evidence demonstrates that he was not a fiduciary under ERISA and, therefore, is not liable for the unpaid contributions.

## II. Discussion

### A. Legal Standard for Rule 60(b)(2) Motions

Federal Rule of Civil Procedure 60(b)(2) provides that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." A grant of relief under Rule 60(b), entrusted to the sound discretion of the trial court, depends upon the parties and the circumstances of each case. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). "A Rule 60(b) motion should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *PG 1044 Madison Assocs., L.L.C. v. Sirene One, L.L.C.*, 229 F.R.D. 450, 452 (S.D.N.Y. 2005).

"Rule 60(b) provides extraordinary relief, and a motion thereunder may only be granted

---

[1] The relevant facts are set forth in this Court's Order dated April 22, 2013 ("Order") (DE 61) and will be repeated herein only to the extent necessary to decide defendant's motion.

upon a showing of exceptional circumstances." *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). The party seeking relief under Rule 60(b) bears the burden of proof. *PG 1044 Madison Assocs., L.L.C.*, 229 F.R.D. at 452. In the Second Circuit, a Rule 60(b) motion "cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (citing *Mastini v. Amer. Tel. & Telegraph Co.*, 369 F.2d 378, 379 (2d Cir. 1966)).

For relief under Rule 60(b)(2), the movant must demonstrate that: "(1) newly discovered evidence is of facts existing at the time of trial; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative or impeaching of evidence already offered." *Weissmann v. Freeman*, 120 F.R.D. 474, 476 (S.D.N.Y. 1988) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure §§ 2808, at 55-60, 2859, at 182-85 (1973)). Furthermore, "courts require that the evidence in support of the motion to vacate . . . be 'highly convincing.' " *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

**B.  Defendant Amodeo's Rule 60(b) Motion**

**1.  Whether the Newly Discovered Evidence Existed at the Time the Order Issued**

A review of all the documents submitted as newly discovered evidence establishes that all were in existence as of the day the Order issued on April 22, 2013.

**2.  Whether Amodeo was Excusably Ignorant of the Facts Despite Exercising Due Diligence**

First, defendant offers a Letter of Intent (the "Letter"), dated March 21, 2008, which sets

forth certain understandings and commitments between "MGA Homes LLC and or Matthew Amodeo and Michael Garafola . . . ("Acquirer") and Joseph C. Iorio, owner of 100% of the capital stock of Rolf's Metal Tops Inc. . . . ("Target")." Aff. Ancona, Exh. E. The agreement is signed by MGA Homes LLC as "Acquirer" followed by two illegible signatures. DE 68-8 p. 8. On the next line is Iorio's initials, who signed as an individual and on behalf of the "Target." *Id.* Michael Garafola signed the Letter as a witness. *Id.* Despite relying upon the Letter as newly discovered evidence that he was not a fiduciary under ERISA, defendant offers no excuse why he was ignorant of the facts contained in the agreement despite exercising due diligence. Indeed, considering that he is a named party to the agreement, the document is something that would be in defendant's possession and should have been submitted with his opposition to plaintiffs' motion for partial summary judgment.

Second, defendant offers an electronic mailing ("email") authored by Joseph Iorio. *Id.* at Exh. F. Amodeo was copied on the email and Iorio explicitly states "I have cc: Matt Amodeo. He is a potential investor . . . ." *Id.* Amodeo fails to explain how he was justifiably ignorant of the email despite having been copied on it.

Next, defendant offers a check, dated March 21, 2008, drawn on MGA Homes LLC's account and listing Joseph Iorio as payee. *Id.* at Exh. G. By this check, defendant authorized and delivered payment of $2,000 through MGA Homes LLC to Iorio as a deposit on "ROLFS JV." *Id.* at ¶ 20 and Exh. G. Defendant, however, fails to justify his ignorance of the existence of this check, despite the fact that it issued from his bank account.

Defendant also submits two Chase checking account statements for Rolf's Metal Tops:

one for the time period August 1 through August 29, 2008; and the second for May 2 through May 30, 2008, along with other documents, all of which are from 2008 and which purportedly demonstrate that Iorio, not Amodeo, controlled Rolf's banking accounts. *Id.* at Exhs. H and I. Defendant offers no explanation as to why these documents were not discoverable with the exercise of due diligence.

Amodeo offers a checking statement from MGA Homes LLC's operating account dated November 29, 2008 through December 31, 2008. *Id.* at Exh. J. No explanation is provided for failure to produce this document previously despite its origin from defendant's account. Defendant also produces the By Laws from Rolf's Metal Tops (*id.* at exh. K) as evidence that he was not the Chief Financial Officer and/or Treasurer because the parties never held a Board meeting to elect or appoint a financial officer or treasurer as set forth in the by laws. *Id.* at ¶ 24. No reason is given, however, for defendant's failure to produce this document despite exercising due diligence.

Defendant also produces the following: (1) an unexecuted proposed definitive agreement between Iorio and Amodeo, including letters written by Iorio's and Amodeo's attorneys in 2008, which contain suggested changes (*id.* at exh. L); (2) a credit application dated June 4, 2008 wherein Iorio identified himself as president of Rolf's (*id.* at exh. M); (3) Rolf's Metal Tops' profit and loss statement for January 1 through September 23, 2008 (*id.* at exh. N); and (4) Rolf's Employer's Quarterly Federal Tax Return for July, August and September 2008 (*id.* at exh. O). Defendant offers no reason why he is excusably ignorant of these facts despite exercising due diligence to discover them.

## III. Conclusion

Given defendant's failure to demonstrate that he was excusably ignorant of the facts that existed at the time the Order was issued despite exercising due diligence, his motion to vacate on the ground of newly discovered evidence pursuant to FRCP 60(b)(2) must be and hereby is **DENIED**.

**SO ORDERED.**

Dated: June 26, 2014
      Central Islip, New York

                                            s/ Thomas C. Platt
                                            Thomas C. Platt, U.S.D.J.